## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA VANDERVELDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-CV-1333-NJR-GCS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion to Dismiss Complaint and for

Additional Relief filed by Defendant United States of America (Doc. 9). The United States

asks the Court to dismiss Plaintiff Lisa Vandervelden's Complaint (Doc. 1) for failure to

comply with the requirements of 735 ILL. COMP. STAT. § 5/2-622(a). Alternatively, the

United States asks that Vandervelden be required to provide a more definite statement

pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the reasons set forth

below, the motion to dismiss is granted.

### BACKGROUND

Plaintiff Lisa Vandervelden filed the Complaint in this case pursuant to the Federal

Tort Claims Act (Doc. 1). Vandervelden alleges that from January 2017 to August 2017,

the United States, by and through its agents including Dr. Imran Khan and the Southern

Healthcare Foundation, failed to recognize Vandervelden's oral cancer, failed to

appropriately treat her oral ulcer, failed to perform or order diagnostic testing, failed to consult, and/or failed to timely diagnose her (*Id*. at ¶ 4).

Vandervelden attached an Attorney Affidavit and a physician's report titled "Certificate of Merit" to her Complaint, pursuant to 735 ILL. COMP. STAT. § 5/2-622 (Doc. 1-1). The physician's report states, in its entirety:

> I am a board-certified physician licensed to practice medicine in all its branches. I have an active medical license and I practice and have practiced medicine within the previous six (6) years. I am knowledgeable concerning the areas of medicine in this particular action by experience, background, training, education and continuing medical education to comment on the issues presented by this case. I have reviewed the pertinent medical documents concerning the care and treatment of Lisa Vandervelden. Based on the information reviewed and considered it is my opinion that there is a reasonable and meritorious basis for an action against The United States of America (by and through its agents, servants and employees, including but not necessarily limited to, Dr. Stacy Jefferson, Dr. Imran Kahn and Dr. Krista Reineke-Piper) because they failed to timely diagnose and treat Lisa Vandervelden's tongue malignancy. Their failure to do so caused a significant delay in treatment, which will affect prognosis.

(*Id*.)

On September 14, 2018, the United States filed a motion to dismiss asserting the physician's report is inadequate under Illinois law (Doc. 9). Specifically, the United States argues the report is conclusory and fails to provide confirmation that a reasonable and meritorious cause of action exists (*Id*.). Furthermore, Defendant argues, the report attempts to cover multiple doctors without explaining how there is a reasonable and meritorious case against each one (*Id*.).

Vandervelden filed a response in opposition to the motion to dismiss on October 1, 2018 (Doc. 11), in which she argues that the report is sufficient to meet the requirements of the statute. Vandervelden notes that the reviewing doctor determined there is a meritorious cause of action because Defendant's agents failed to timely diagnose or treat her oral malignancy (*Id.*). Furthermore, Vandervelden argues, Illinois law permits a § 622 report to cover multiple actors' deficient medical care (*Id.*). Vandervelden asserts the Court should liberally construe the report to not deprive her of her substantive rights.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

## DISCUSSION

A claim made in Illinois pursuant to the Federal Tort Claims Act, Title 28 U.S.C. § 267, is subject to the requirements of the Illinois Healing Art Malpractice Act.[1] *Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014). The statute requires, in relevant part, that a medical malpractice complaint be accompanied by a certificate stating that a qualified,

---

[1] Whether Vandervelden was required to file such an affidavit may be open to debate. *See Parker v. United States*, 721 F. App'x 531, 533 (7th Cir. 2018) (suggesting in dicta that a complaint filed in federal court need not include evidence, such as the affidavit required by state law); *but see Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (stating that dismissal is mandatory if a plaintiff fails to abide by the affidavit requirement); *Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014).

licensed physician has reviewed the case and determined in a written report that the lawsuit is reasonable and meritorious. 735 ILL. COMP. STAT. § 5/2–622 (a)(1). The written report must be attached to the complaint and identify "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists[.]" *Id.* § 622 (a)(1). A complaint that fails to satisfy these requirements must be dismissed. *Id.* § 622 (g).

Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Nevertheless, courts often find conclusory certificates of merit to be inadequate. *See Ortiz v. United States*, No. 13 C 7626, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014) (citing *Jacobs v. Rush N. Shore Med. Ctr.*, 673 N.E.2d 364, 367 (Ill. App. Ct. 1996)); *Premo v. Falcone*, 554 N.E.2d 1071, 1076 (Ill. App. Ct. 1990) (finding report that did not explain doctors' "inappropriate actions" to be insufficient).

In *Ortiz*, the Northern District, citing Illinois law, explained what detail is required in a proper certificate:

> [T]he report must describe both the deficiencies in medical care that gave rise to plaintiff's claim and the reviewing professional's reasoning. Further, the report must state either the standard of care or an appropriate alterative course of treatment. In the latter instance, the report must also explain how, rather than merely assert that, plaintiff's condition could have been improved by the alternative conduct.

*Id.* (internal citations omitted); *see also Hull v. S. Illinois Hosp. Servs.*, 826 N.E.2d 930, 935 (Ill. App. Ct. 2005) (certificate of merit was sufficient where it detailed the appropriate

standard of care). In that case, the certificate described the events that transpired when the plaintiff presented at the defendant's facility, asserted generally that the defendant was negligent, and noted five acts or omissions by the defendant. *Id.* The report then declared, in a conclusory manner, that the defendant's negligence proximately caused the injuries at issue in the suit. *Id.* The court found the report insufficient under Illinois law because it failed to describe what conduct was deficient, why the conduct was deficient, what alternative conduct might have been appropriate, or the detail of even one act or omission. *Id.* at *3. Because the report failed to meet the requirements of § 622, one count of the complaint was dismissed. *Id.*

The detail required by § 622 reports also has been recognized by the Seventh Circuit Court of Appeals. In *Sherrod v. Lingle*, the Seventh Circuit considered the adequacy of a three-page Certificate of Merit that discussed the plaintiff's "symptoms and course of treatment in some detail" before concluding that "prison medical and nursing staff failed to properly diagnose [plaintiff's] illness in a timely fashion" due to a lack of physician supervision, thereby placing the plaintiff's life in jeopardy. *Sherrod*, 223 F.3d at 614. Although the Court ultimately found the report adequate, the Seventh Circuit explained that it "approached the borderline of acceptable detail in a physician's merit review." *Id.*

In this case, the Certificate of Merit provided by Vandervelden does not satisfy § 622 because it is conclusory and lacks detail regarding specific actions the doctors should have taken. It merely provides that Defendant's agents "failed to timely diagnose and treat Lisa Vandervelden's tongue malignancy" without explaining *when* the

malignancy should have been diagnosed, *how* it should have been diagnosed earlier, and *how* it should have been treated in relation to the applicable standard of care (Doc. 1-1). Indeed, it fails to "detail the conduct underlying even one act or omission" or "describe a single evaluation that plaintiff did or did not undergo." *Ortiz*, 2014 WL 642426, at *3. Thus, Vandervelden's Certificate of Merit falls short of the detail expected by Illinois courts.

The United States also argues the Certificate of Merit is insufficient because it fails to ascribe acts or omissions to individual actors (Doc. 9). The Seventh Circuit has noted that the requirements of § 622(b) may be satisfied by a single report against multiple defendants if the report is "sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by defendants, and establishes that a reasonable and meritorious cause exists for filing the action." *Sherrod*, 223 F.3d at 614 (quotation omitted); *Ortiz*, 2014 WL 642426, at *3. "However, where confusion as to the involvement of each defendant might arise, separate physician's reports are required." *Mueller v. N. Suburban Clinic, Ltd.*, 701 N.E.2d 246, 253 (Ill. App. Ct. 1998).

Here, the report states there is a reasonable and meritorious basis for an action against the United States of America by and through "its agents, servants and employees, including but not necessarily limited to, Dr. Stacy Jefferson, Dr. Imran Kahn and Dr. Krista Reineke-Piper." (Doc. 1-1). While the report may be broad enough to cover each named agent of the United States, the Court agrees with the United States that it is *too* broad. It does not detail the specific involvement of each doctor or how their individual actions form the basis for a meritorious cause of action. And, although the doctors here

are not named Defendants, at least one of them, Dr. Imran Kahn, is identified in the Complaint as an agent of the United States (Doc. 1, ¶ 2). While the Court is not convinced that a separate report is required for each doctor, any amended complaint should include a physician's report that details the actions or omissions of each named provider that Vandervelden claims provided substandard care.

## CONCLUSION

For these reasons, the Motion to Dismiss Complaint and for Additional Relief filed by Defendant United States of America (Doc. 9) is **GRANTED**, and the Complaint (Doc. 1) is **DISMISSED without prejudice**. The United States's alternative request for a more definite statement is **DENIED as moot**.

Vandervelden is **GRANTED** leave to file an amended complaint with a physician's report that complies with the requirements of § 622 on or before **April 1, 2019**.

**IT IS SO ORDERED.**

DATED:  March 4, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**