IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA VANDERVELDEN, | |
| Plaintiff, | |
| v. | Case No. 3:18-CV-1333-NJR-GCS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Intervene as a defendant filed by St. Louis University (SLU) (Doc. 20). SLU seeks to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, or in the alternative, permissively under Rule 24(b)(1). Attached to SLU's motion is its proposed answer and crossclaim.

Plaintiff Lisa Vandervelden filed this action pursuant to the Federal Tort Claims Act on June 28, 2018 (Doc. 1) and amended her complaint on May 16, 2019 (Doc. 17). Vandervelden alleges that from January 2017 to August 2017, the United States, by and through its agents, apparent agents, servants, and employees, negligently or carelessly failed to: recognize the signs of Vandervelden's oral cancer; timely order appropriate treatment; timely order diagnostic testing; schedule or obtain appropriate consultation to permit timely diagnosis and treatment; and timely diagnose precancerous or cancerous oral ulcer (*Id.* at ¶ 4). The Certificate of Merit attached to Vandervelden's Amended Complaint alleges negligence by resident Dr. Stacy Jefferson and her supervisor, Dr. Heather Lucas-Foster, by Dr. Imran Khan and his supervisor, Dr. Kristen Reineke-Piper, and by Dr. Graham Foster.

On October 25, 2018, Vandervelden filed a state court action against SLU based the same set of facts. *Vandervelden v. Saint Louis University*, No. 18-L-0680 (St. Clair Cty. Oct. 25, 2018). SLU filed a third-party action against the United States and its employees in that case for contribution and indemnity, and the United States subsequently removed that case to federal court. *Vandervelden v. Lucas-Foster*, No. 19-cv-769-NJR-RJD (S.D. Ill. July 16, 2019).

According to SLU's Motion to Intervene, Dr. Foster, Dr. Khan, and Dr. Jefferson were employees-in-fact of SLU, while Dr. Lucas-Foster and Dr. Reineke-Piper were employees-in-fact of the United States. SLU also asserts there are indemnity and contribution issues between the United States and SLU under both the parties' training affiliation agreement and the Illinois Joint Tortfeasor Contribution Act, 740 ILL. COMP. STAT. § 1001/1, *et seq.* Accordingly, SLU seeks intervention as of right under Rule 24(a)(2). Alternatively, SLU seeks permissive intervention pursuant to Rule 24(b), which allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B).

Vandervelden disputes that SLU is entitled to intervene as of right under Rule 24(a), but she agrees that permissive intervention pursuant to Rule 24(b) is proper (Doc. 24). Likewise, the United States agrees that Vandervelden has alleged simultaneous care by employees of SLU and the United States, making permissive intervention appropriate.

Under Rule 24(a), a party may intervene as a matter of right where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Permissive intervention under Rule 24(b) allows the Court to "permit

anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). In exercising its discretion to grant or deny permissive intervention, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003).

The Court agrees with the parties that permissive intervention under Rule 24(b) is proper in this instance. Vandervelden alleges that SLU employees deviated from the standard of care while under the supervision of employees of the United States. SLU's cross-claim for indemnity and contribution thus shares a common question of law or fact with the main action.

Accordingly, the Court **GRANTS** SLU's motion for permissive intervention under Rule 24(b) (Doc. 20). SLU's alternative motion to intervene as a matter of right is **DENIED**. The Clerk of Court is **DIRECTED** to add St. Louis University as a defendant in this matter, and SLU is **DIRECTED** to file its Answer and Cross-claim *instanter*.

**IT IS SO ORDERED.**

DATED:   July 19, 2019

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**