IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA VANDERVELDEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>SAINT LOUIS UNIVERSITY,<br><br>　　　　　Defendants, | Case No. 3:18-CV-1333-NJR-GCS |
| SAINT LOUIS UNIVERSITY,<br><br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　　　This matter is before the Court on several pending motions. Defendant United States of America has filed a motion to dismiss Plaintiff Lisa Vandervelden's Amended Complaint (Doc. 17) for failure to provide an affidavit and physician report that fully comply with 735 Ill. Comp. Stat. 5/2-622(a)(1) in a case alleging medical malpractice (Doc. 18). Also pending are motions to consolidate this case with 3:19-CV-769-NJR-RJD filed by Vandervelden and Third-Party Plaintiff Saint Louis University (SLU). For the reasons set forth below, the motion to dismiss is denied, and the motions to consolidate are granted.

I.   **Motion to Dismiss**

Vandervelden initially filed the Complaint in this case pursuant to the Federal Tort Claims Act alleging that from January 2017 to August 2017, the United States, by and through its agents, failed to recognize, diagnose, and appropriately treat her oral cancer (Doc. 1). On March 4, 2019, the Court dismissed the Complaint due to deficiencies in the required physician report (Doc. 15). Vandervelden filed her Amended Complaint on May 16, 2019, and the United States again moved to dismiss it because, it argues, the affidavit and physician report fail to fully comply with Illinois law.

As the Court discussed in its earlier Order, a claim made pursuant to the Federal Tort Claims Act, 28 U.S.C. § 267, is subject to the requirements of the Illinois Healing Art Malpractice Act, which requires that a medical malpractice complaint be accompanied by a certificate stating that a qualified, licensed physician has reviewed the case and determined in a written report that the lawsuit is reasonable and meritorious. 735 ILL. COMP. STAT. § 5/2–622 (a)(1); *Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014). The report must provide the physician's reasoning as to why the medical care was deficient under the standard of care and what alternative conduct might have been appropriate. *See Ortiz v. United States*, No. 13 C 7626, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014) (citing *Jacobs v. Rush N. Shore Med. Ctr.*, 673 N.E.2d 364, 367 (Ill. App. Ct. 1996)). Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

With regard to the Amended Complaint, the Government takes issue with the

reviewing physician's failure to indicate that he or she practices or teaches in the same area of healthcare or medicine that is at issue in this particular action and that the physician has done so within the past six years.

There is no requirement under Illinois law, however, that the reviewing physician practice in the same area of medicine as the defendant. "[T]he requirement set forth in section 2–622 that the affiant state that he consulted with a health professional who practices in the same specialty as the defendant means merely that if the defendant is a physician, then the health care professional must also be a physician." *Hagood v. O'Conner*, 165 Ill. App. 3d 367, 372–73, 519 N.E.2d 66, 69 (Ill. App. Ct. 1988). Because a licensed physician in Illinois is a legally qualified practitioner in every medical specialty, "a physician who is licensed to practice medicine in all of its branches may evaluate the treatment given by any other physician who is licensed to practice medicine in all of its branches, even if the defendant physician holds himself out to be a specialist." *Id.* at 373. Thus, there is no requirement that the reviewing physician practice in the same area of healthcare or medicine at issue in this case. The physician's statement that he or she is a "physician licensed to practice medicine" is sufficient.

Furthermore, under Section 2-622(a)(1), only the attorney is required to attest that the physician practices or has practiced within the last six years. The Court acknowledges that the attorney affidavit in this case fails to provide that information. To that end, Vandervelden shall be granted an opportunity to amend the attorney affidavit. In the interest of justice, however, the Court does not find that dismissal of the complaint is warranted.

**II.     Motions to Consolidate**

Both Vandervelden and SLU have filed motions to consolidate (Docs. 29, 31). Vandervelden seeks to consolidate this case with both of its sister actions, 19-CV-769 and 19-CV-746, while SLU has moved only to consolidate this case with 19-CV-769 (as it is not a party to the 19-CV-746 case). The United States does not oppose consolidation of this case with 19-CV-769, but has not taken a position with regard to consolidation in 19-CV-746, as it has a pending motion to dismiss in that case.

The Court agrees that consolidation of all three actions is appropriate under Rule 42 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."). Here, all three cases stem from Vandervelden's allegation that Defendants were negligent in failing to timely diagnose and properly treat her oral cancer between January 2017 and August 2017. This case is Vandervelden's Federal Tort Claims Act case against the United States for the alleged medical malpractice of United States deemed-employees working for Southern Illinois Healthcare Foundation. Case No. 19-CV-746 is Vandervelden's Federal Tort Claims Act case against the United States for the alleged medical malpractice of United States employees working for the U.S. Air Force. And Case No. 19-CV-769 is Vandervelden's state law medical malpractice claim against SLU. Because all three cases involve commons questions of law and fact, the motions to consolidate are granted.[1]

---

[1] The Court notes that the Motion to Dismiss in 19-CV-746 remains pending, as it only became ripe for the Court's review on October 16, 2019.

For these reasons, the Motion to Dismiss filed by Defendant United States of America (Doc. 18) is **DENIED**. Plaintiff Lisa Vandervelden is **ORDERED** to file a supplemental attorney affidavit that meets the requirements of 735 Ill. Comp. Stat. § 5/2–622 (a)(1) as related to the reviewing physician's experience practicing medicine. Plaintiff shall file the supplemental affidavit by **October 25, 2019**. If Plaintiff fails to file a supplemental affidavit by that date, the United States may renew its motion to dismiss.

Furthermore, the Motion to Consolidate filed by Vandervelden (Doc. 29) and the Motion to Consolidate filed by Defendant Saint Louis University (Doc. 31) are **GRANTED**. This case is **CONSOLIDATED** with 3:19-CV-769-NJR-GCS and 3:19-CV-746-NJR-GCS for all further proceedings.

**IT IS SO ORDERED.**

DATED:   October 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**