IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA VANDERVELDEN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and SAINT LOUIS UNIVERSITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 18-cv-1333-NJR<br><br>Related Cases: 19-cv-769-NJR<br>19-cv-746-NJR |

**UNITED STATES OF AMERICA'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF EXPENSES**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney, and Suzanne M. Garrison, Assistant United States Attorney, moves for relief under Rules 30(d) and 37 due to the fact that Plaintiff's Counsel, Thomas Keefe, Jr., has impeded, frustrated and delayed the properly noticed deposition of the Plaintiff and refused to participate in good faith efforts to resolve the discovery dispute regarding Plaintiff's proposed deposition in accordance with Fed. R. Civ. P. 26 and 30.

**The Dispute and Efforts to Resolve the Dispute**

Plaintiff first initiated this litigation in St. Clair County. The United States removed the case to this Court after St. Louis University filed a counterclaim and cross-claim against it. Plaintiff seeks $25 million under the FTCA, alleging SLU residents and/or federal physicians acting as preceptors failed to timely diagnose her tongue cancer, resulting in a glossectomy, a surgical construction of a replacement tongue flap, and a subsequent failure and removal of that flap. Though the cancer did not metastasize and has not returned, Plaintiff's ability to communicate orally has been adversely impacted.

On June 19, 2019, parties with interests either adverse to, or different than, those of the

United States[1] deposed Plaintiff in the state case with her adult daughter, a fact witness, serving as an unsworn "interpreter," and in some instances seeming to supply the answers to questions herself. The United States was not a party in the state case and neither participated in the state deposition nor was invited to do so.

On December 19, 2019, the United States noticed Plaintiff's deposition for January 24, 2020. (Att. 3). Prior to the deposition being noticed, Mr. Keefe and counsel for the United States had corresponded by email regarding the deposition.

Correspondence discussing Plaintiff's proposed deposition is included as Attachment 2. Various emails reflect that defense counsel was endeavoring not to unreasonably duplicate the discovery gathered in the state case. For example, counsel for the United States participated in the depositions of three SLU residents conducted in the state case before the parties had met and conferred in the federal case, while the United States had a motion to dismiss the FTCA action pending due to a deficient medical certificate of merit, and before a scheduling order had entered in the federal case. Counsel for SLU asked counsel for the United States to participate in the depositions of the SLU residents to avoid the necessity of the residents being deposed twice.

Once a discovery order entered in the federal case, as early as October 7, 2019, defense counsel advised Mr. Keefe that the United States was entitled to depose Plaintiff despite her prior state deposition. (Att. 2 at 1). Mr. Keefe responded by indicating that the United States should accept the answers provided by Plaintiff in her state deposition. (Att. 2 at 1). Mr. Keefe indicated he would produce Plaintiff for deposition as long as defense counsel did not "reask questions

[1] The other parties in the state case included St. Louis University, Neil McClymont, D.O. and Protestant Memorial Medical Center., Inc. That SLU's interests are adverse to the United States is demonstrated by its crossclaim. Plaintiff was treated for tongue pain at Memorial Hospital in the E.R. by Dr. McClymont during the time frame at issue in the FTCA action. Plaintiff dismissed Memorial and Dr. McClymont from the removed federal action. *Vandervelden v. Lucas-Foster et al*, 19-cv-769, Doc. 9. The basis for the suit against Memorial and Dr. McClymont has never been clear, and their attorneys' incentive to conduct a rigorous examination of Plaintiff regarding her treatment at a federally qualified health center should not be assumed.

already asked." (Att. 2 at 11, 13, 16). At no point did counsel for the United States indicate the United States would waive its right to question Plaintiff regarding topics covered during the state court deposition. To the contrary, on October 23, 2019, counsel for the United States reiterated her position in writing that plaintiff was subject to deposition in the federal case and that the scope of the deposition would need to include some of the topics covered in the state deposition. (Att. 2, at 11).

On December 17, 2019, defense counsel advised Plaintiff's counsel that there needed to be discussion regarding how Plaintiff's speech impairment could be accommodated during her federal deposition. (Att. 2 at 13). In response, Mr. Keefe's only remark was that the United States could hire whoever it wanted to translate. (Att. 2 at 13).

As noted above, on December 19, 2019, the United States noticed Plaintiff's deposition for January 24, 2020. Despite the previous correspondence described above and the United States' clearly stated position that the deposition would need to include topics already covered in the state deposition, Mr. Keefe did not seek a protective order pursuant to Rule 26(b) prior to the day of the deposition. On January 24, the parties convened at Mr. Keefe's office for the Plaintiff's deposition. Though Plaintiff's counsel had refused to make Plaintiff's daughter available for a deposition by the United States, she appeared for Plaintiff's deposition together with Plaintiff. Mr. Keefe's apparent plan was to have Plaintiff's daughter act as "interpreter." Counsel for the United States asked Plaintiff's daughter to leave as she was herself a fact witness who would be deposed later.

The United States then raised the issue of the scope of the deposition. Along those lines, counsel for the United States asked Mr. Keefe if his position was that the state court deposition would be admissible in federal court. In response, Mr. Keefe stated: "Suzanne, I don't have to tell

you any positions and I don't have to answer any of your questions. Make your record. It doesn't make any difference. But you're not—you're in my world, honey." (Att. 1, at 5). The "honey" remark in isolation is troubling enough, but its offensiveness is magnified by Mr. Keefe's assertion, "you're in my world." Defense counsel is a female Assistant United States Attorney with over twenty-eight years of litigation experience before the United States District Court for the Southern District of Illinois and the United States Court of Appeals for the Seventh Circuit.

Mr. Keefe then erroneously stated counsel for the United States had been present at, and a participant in, the state deposition and he disclaimed recollection of any prior discussion of the dispute about the scope of the questioning. (Att. 1 at 5-6). Defense counsel corrected counsel's mistaken impression that she had participated in the state deposition but advised that she had read the deposition transcript. (Att. 1 at 6).

When asked about the legal basis for his position that the state court deposition served as a limit on the scope of the federal deposition, Plaintiff's counsel cited only "the rule that questions that have been previously asked and answered are not the subject of an appropriate question" as well as "rules against harassing a witness." (Att. 1 at 6, 11). When asked about any rule of civil procedure or rule of law cited in a published decision that supported his position, Plaintiff's counsel responded that he was not obliged to engage in a discussion with defense counsel. (Att. 1 at 13-14). Plaintiff's counsel essentially took the position that he did not have to engage in a good faith effort to resolve discovery disputes because, in the context of having a conversation, he would be required to respond to questions posed by defense counsel. (Att. 1 at 12-14). Counsel for the United States stated: "You are obliged to attempt good faith efforts to resolve any discovery dispute[2]." In response, Plaintiff's counsel stated, "Well, that's fine. I'm glad that you have told

[2] Fed. R. Civ. P. 26(c)(1); Local Rule 26.1(d); Chief Judge Rosenstengel's Case Management Procedures, "Discovery Disputes," http://www.ilsd.uscourts.gov/documents/Rosenstengel.pdf.

me." (Att. 1 at 14).

Refusing to state the precise legal basis for his position in contravention of Rule 30(c)(2), Plaintiff's counsel stated, "we'll have to have Nancy rule[3] on it, won't we?" (Att. 1 at 7, 14). Defense counsel suggested that a partial deposition be conducted as scheduled, at least on topics to which there were no objections, in part to determine whether Plaintiff would be able to communicate clearly if she responded orally or was permitted to in writing. (Att. 1 at 15-17). Mr. Keefe refused to permit limited examination of Plaintiff. (Att. 1 at 17-18).

**Argument**

The Federal Rules of Civil Procedure allow parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Courts commonly look unfavorably upon significant restrictions placed upon the discovery process," and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D.Ill.2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Here, Plaintiff cannot possibly dispute that as a party to this lawsuit, she has information relevant to the subject matter of her claims.

Plaintiff chose to litigate the same transaction and occurrence in two different forums. That was her attorney's choice. Given that the United States did not have an opportunity to participate in the state deposition, it is not unduly burdensome or unreasonable to expect the plaintiff to answer questions about some of the same topics again. The Federal Rules of Evidence recognize the inherent unfairness of using sworn testimony against a party who did not participate in a prior

[3] Defense counsel advised Mr. Keefe that there was no longer a magistrate judge assigned to the case and that Chief Judge Rosenstengel had revised her case management procedures earlier in the month to reflect that calls to chambers during a deposition are discouraged.

proceeding. If Plaintiff were to offer her state deposition testimony against the United States over its objection at trial, that testimony would not be admissible under Fed. R. Evid. 804(b)(1)(B) because the United States did not have an opportunity to participate in that deposition.

Difficulty communicating is not a basis for precluding a party from taking a deposition. *Sauer v. Exelon Generation Co., LLC*, 280 F.R.D. 404, 407 (N.D. Ill. 2012) (Minor's alleged difficulties with remembering, communicating, and understanding did not require protective order precluding her deposition). Counsel for the United States is sensitive to the communication challenges faced by the plaintiff. Indeed, prior to the deposition, counsel for the United States had attempted to engage the Plaintiff's counsel in a discussion of potential accommodations for the Plaintiff. Unfortunately, Plaintiff's counsel was not cooperative in that discussion. The United States remains open to reasonable accommodations. For example, it seems reasonable to permit Plaintiff to write or type her answers, and indeed she did use a white board during the state deposition. If assistance is needed understanding Plaintiff's verbal responses, a speech therapist could be retained at Plaintiff's expense, perhaps a therapist with whom Plaintiff has worked with in the past or is working with at present[4]. Given that the case will proceed to trial, how Plaintiff will provide her testimony is an issue that will need to be explored. She is presumed competent to testify and should be prepared to testify. Fed. R. Evid. 601.

**Request for Relief and Conclusion**

District courts have broad discretion in supervising discovery, including deciding whether and how to sanction misconduct. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). Federal Rule of Civil Procedure 30(d) provides the court may impose "an appropriate sanction, including expenses and fees, on a person who impedes, delays or frustrates the fair examination of a

[4] Fed. R. Evid. 604 provides that an interpreter must be qualified and must give an oath or affirmation to make a true translation.

deponent. In this case, in addition to its attorney's time, the United States incurred $366.00 in expenses for the Court reporter's fee and the production of the transcript. The United States requests an Order as follows, in addition to any other relief the Court deems appropriate:

1) The United States shall be permitted to conduct a deposition of Plaintiff without regard to any question or topic previously covered in the state deposition.

2) Prior to that deposition, Plaintiff's counsel shall advise defense counsel as to how oral communication with Plaintiff shall be supplemented during the deposition, such as by writing or typing or through the assistance of a qualified speech therapist who shall be sworn as a witness.

3) Counsel for the Plaintiff shall reimburse the United States for its $366 in expenses related to the deposition of January 24, 2020. (Att. 4)

In this case, the Plaintiff's attorney is an experienced litigator who, without legal justification, has engaged in a pattern of uncooperative behavior during the discovery process. His remarks to government counsel were demeaning and offensive[5]. The United States is entitled to obtain discovery relevant to this case and to do so with an expectation of good faith cooperation and professional courtesy from opposing counsel.

[5] Counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. Advisory Committee Notes to 1993 Amendments to Rule 30(d)(3); Standards for Professional Conduct within the Seventh Federal Judicial Circuit. http://www.ca7.uscourts.gov/rules-procedures/rules/rules.htm#standards.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney


*/s/ Suzanne M. Garrison*
SUZANNE M. GARRISON
Assistant United States Attorney
United States Attorney's Office
Southern District of Illinois
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3770
Fax:    (618) 622-3810
Email: Suzanne.Garrison@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA VANDERVELDEN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and SAINT LOUIS UNIVERSITY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 18-cv-1333-NJR<br><br>Related Cases: 19-cv-769-NJR<br>19-cv-746-NJR |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2020, I electronically filed the foregoing

**UNITED STATES OF AMERICA'S MOTION TO COMPEL DISCOVERY AND FOR AN AWARD OF EXPENSES**

with the Clerk of Court using the CM/ECF system to the following registered participants:

Thomas Q. Keefe, Jr. debbie@tqkeefe.com; isuedocs77@gmail.com
Timothy S. Richards trichards@nrw-law.com

*s/ Suzanne M. Garrison*
SUZANNE M. GARRISON
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: Suzanne.Garrison@usdoj.gov