IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA VANDERVELDEN,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>SAINT LOUIS UNIVERSITY,<br><br>         Defendants. | Case No. 3:18-CV-1333-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss Saint Louis University's ("SLU") Crossclaim for Indemnification for Lack of Jurisdiction filed by the United States of America ("USA") (Doc. 108). For the reasons set forth below, the USA's motion is granted in part and denied in part.

## BACKGROUND

This matter involves Defendants' alleged failure to timely diagnose Plaintiff Lisa Vandervelden's oral cancer during her treatment at the Southern Illinois Healthcare Foundation (SIHF). Through a Training Affiliation Agreement (TAA), physicians with SIHF and the United States Air Force act as preceptors, working collaboratively with SLU resident physicians. As a result of this agreement, a patient at SIHF may be treated by SIHF physicians, United States Air Force physicians, and/or SLU residents.

Vandervelden initially filed this lawsuit as three separate cases. This case, No. 18-CV-1333, began as Vandervelden's suit against the USA under the Federal Tort Claims

Act (FTCA). Vandervelden alleged that employees of the USA who were working for SIHF committed medical malpractice. (Doc. 1). Vandervelden's second case, No. 19-CV-746, alleged medical malpractice by USA employees working for the United States Air Force. Her third case, initially filed in Illinois state court, alleged medical malpractice against a SLU resident. In that case, SLU filed a third-party action against the USA for contribution and indemnity, and the USA removed the case to this District Court. *See* Case No. 19-CV-769, Doc. 1. On October 18, 2019, the cases were consolidated into one action. (Doc. 35).

On January 8, 2020, SLU filed an Amended Crossclaim against the USA asserting two counts—one for contribution (Count I) and one for indemnity (Count II). In its claim for indemnity, SLU alleges that the TAA obligates the USA to "accept, assume and retain sole legal responsibility" for "any professional liability claim or action brought against its own agents or employees and arising out of any act or omission of the agent or employee performed as a faculty member or resident of the Integrated Residency Training Program to be provided hereunder." (Doc. 63 at ¶ 8). SLU further claims the TAA requires the USA to "be responsible for the expense of the defense of any claims or actions resulting from the participation of Air Force Family Medicine providers . . . of the USAF MTF in University Family Medicine Residency Program, and while training or supervising at the University, St. Elizabeth's Hospital and/or SIHF, and other facilities that the University utilizes for required and elective rotations." (*Id.* at ¶ 9). Finally, SLU claims the TAA requires the USA to defend and indemnify SLU for any putative liability resulting from the acts or omissions of USA employees related to Vandervelden's care. (*Id.* at ¶ 10).

The USA now asserts that SLU's crossclaim for indemnification must be dismissed. First, the USA argues SLU bears the burden of establishing subject matter jurisdiction, yet Count II contains no basis for this Court's jurisdiction. Second, the crossclaim arises from the TAA between the parties. And because it arises from the TAA—a contract—the Tucker Act, 28 U.S.C. § 1491(a)(1), requires SLU to bring its claim in the Court of Federal Claims, not as a crossclaim in this case. SLU did not respond to the USA's motion to dismiss. Instead it filed a motion for partial summary judgment on the USA's affirmative defenses—including its defense that this Court lacks subject matter jurisdiction to hear any claim for indemnification because the USA has not waived its sovereign immunity. (Doc. 114).

## DISCUSSION

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996) (quotation omitted). The Tucker Act, 28 U.S.C. § 1491(a)(1), is one such way in which the USA has consented to be sued. The Tucker Act waives the USA's sovereign immunity to suit for money damages claims founded upon any express or implied contract with the USA and assigns jurisdiction over such claims to the Court of Federal Claims.[1] *Id.*; *see also United States v. Bormes*, 568 U.S. 6, 10 (2012); *United States v. Davis*, No. 417CV04136SLDJEH, 2019

---

[1] The Little Tucker Act, 28 U.S.C. § 1346(a)(2), gives district courts concurrent jurisdiction over contract claims against the United States not exceeding $10,000. Here, however, the amount at issue is clearly more than $10,000. As noted by the USA, Vandervelden seeks $25 million in damages from the USA and in excess of $75,000 from SLU.

WL 7500244, at *5–6 (C.D. Ill. July 15, 2019). Supplemental jurisdiction under 28 U.S.C. § 1367 "cannot override" the exclusive jurisdiction conferred by the Tucker Act to the Court of Federal Claims. *Pershing Div. of Donaldson, Lufkin & Jenrette Sec. Corp. v. United States*, 22 F.3d 741, 744 (7th Cir. 1994).

As noted above, SLU did not respond to the USA's motion to dismiss. Further, SLU's partial motion for summary judgment on the USA's affirmative defenses does not mention its indemnification claim. Under Local Rule 7.1(c), the Court construes SLU's failure to respond as an admission of the merits of the USA's motion. *See* SDIL-LR 7.1(c). Moreover, SLU failed to cite any basis for the Court's subject matter jurisdiction, and it is seeking money damages based on its contract with the USA. Accordingly, the Court finds that the USA's motion is, indeed, meritorious, and this Court lacks subject matter jurisdiction over SLU's crossclaim for indemnification.

At this juncture, the USA suggests SLU's crossclaim should be dismissed without leave to refile in this Court. But, if it is in the interest of justice, the Court can sever the claim and transfer it to the Court of Federal Claims. *See* 28 U.S.C. § 1631; *Davis*, 2019 WL 7500244, at *6 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). "A court is authorized to consider the consequences of transfer before deciding whether to transfer; that is implicit in the statute's grant of authority to make such a decision . . . and implies in turn that the court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it." *Phillips*, 173 F.3d at 610–11. (internal quotation omitted). Here, the Court finds that SLU's crossclaim for indemnification is not a "sure loser" and potentially has merit. *See id.* at

611. Accordingly, Court II of SLU's crossclaim will be severed and transferred to the Court of Federal Claims.

For these reasons, the USA's Motion to Dismiss (Doc. 108) is **GRANTED in part and DENIED in part**. The Court **SEVERS** SLU's claim for indemnification in Count II of its Amended Crossclaim (Doc. 63) and **TRANSFERS** the claim to the Court of Federal Claims pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

DATED:   August 30, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**